UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAROB ABDUL-AZIZ, et al.,<br><br>Plaintiff,<br><br>v.<br><br>GARY M. LANIGAN, et al.,<br><br>Defendants. | Civil Action No. 14-2026 (FLW)<br><br>MEMORANDUM OPINION |

This matter having come before the Court on Plaintiffs' "Motion to Alter Denial of Class Certification" (ECF No. 6), which seeks reconsideration of the Court's March 17, 2015 Order denying without prejudice Plaintiffs' prior motion for class certification (ECF No. 2) and requests to have a single filing fee apportioned among Plaintiffs; and the Court having considered the submission, and it appearing that:

1.      Plaintiffs Sharob Abdul-Aziz, William McCray, Ibn Pasha, and Charles Rashid (collectively "Plaintiffs") filed a Complaint pursuant to section 1983, and the Complaint was docketed on April 1, 2014. (ECF No. 1.) Each Plaintiff submitted a signed application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-1-1-4.) Plaintiffs also submitted a motion for class certification. (ECF No. 1-5.) The Court granted Plaintiffs' IFP applications and screened the Complaint pursuant to 28 U.S.C. § 1915, finding that the Complaint was not subject to dismissal at that time. (ECF No. 2.) The Court, however, denied without prejudice Plaintiffs'

1

motion for class certification, explaining the test for class certification under Rule 23 and stating the following:

> The Plaintiffs have not made any arguments in support of their motion for class certification, but instead have simply repeated the requirements of Rule 23(a) and stated that they meet these requirements (Comp. ¶ 35; Mot. ¶ 2, ECF No. 1-5); moreover, pro se litigants are generally not appropriate as class representatives, *see Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009), and Plaintiffs have not requested the appointment of pro bono counsel; therefore, Plaintiffs' motion will be denied at this time.

(ECF No. 2, at 2.)  The Court also notified Plaintiffs of the opportunity to apply in writing for pro bono counsel.  (*Id.* at 2-3.)

2.     Plaintiff Sharob Abdul-Aziz subsequently filed a motion on behalf of all Plaintiffs for reconsideration of the Court's Order denying class certification.[1]  (ECF No. 6.)  In that three-page submission, he briefly explains why Plaintiffs' claims warrant class certification.  "[R]econsideration is an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5, 2003 WL 22303078 (D.N.J. Oct. 7, 2003).  A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).  Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge ...

---

[1] Plaintiff Sharob Abdul-Aziz signed the motion papers on March 30, 2015.  Pursuant to the prisoner mailbox rule, the Court assumes for purposes of this Memorandum Opinion that Plaintiff gave his motion to prison officials for mailing on March 30, 2015, and that Plaintiffs' motion for reconsideration is timely.  *See* L. Civ. R. 7.1(i) (motion for reconsideration is to be served and filed within 14 days of the entry of the order or judgment).

2

has overlooked." D.N.J. Civ. R. 7.1(i).  In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue.  *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J.1999).

3.      Here, the motion does not present an intervening change in controlling law, evidence that was not previously available, or the need to correct a clear error of law or prevent a manifest injustice.  Instead, the motion presents arguments that Plaintiffs failed to make in their prior motion for class certification.  Because the submission does not meet the high standard for reconsideration, the Court will deny the motion.

4.      Plaintiffs also contend that the Court should not have assessed a full filing fee to each of the four Plaintiffs.  Instead, Plaintiffs believe that a single filing fee, totaling $350.00, should have been apportioned among them.  (ECF No. 6.)  Plaintiffs are incorrect.  Where more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $400.00 filing fee or seek *in forma pauperis* status.  *See Hagan v. Rogers*, 570 F.3d 146, 150 (3d Cir. 2009); *Miller v. New Jersey*, No. 13–2018, 2013 WL 2149692, at *2 (D.N.J. May 16, 2013) (citations omitted).  In the event that multiple prisoners seek to join as plaintiffs and they do not prepay the $400 filing fee, then each plaintiff must submit a complete application to proceed *in forma pauperis* if he or she desires the complaint to be filed on his or her behalf.  *See Hagan*, 570 F.3d at 154–55.  In that situation, where the plaintiffs meet the requirements for joinder under Rule 20, the Court is required to collect a $350 filing fee from each prisoner-plaintiff by directing the agency having custody of each prisoner to deduct the filing fee in monthly installments from each prisoner's account as if each prisoner were filing his

own individual complaint.[2]  *See id.* at 155–56; *Alford v. Wojchiechowicz*, No. CV 15-6750 (PGS), 2015 WL 5771616, at *2 (D.N.J. Sept. 30, 2015) (explaining same).  Here, Plaintiffs did not prepay the fee, but instead sought to proceed *in forma pauperis* and have the Complaint filed on behalf of each of them.  The Court granted the Plaintiffs' IFP applications and permitted the Complaint to be filed.  As such, each Plaintiff must individually pay a filing fee, totaling $350.00.

   /s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Date: October 28, 2015

---

[2] In *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009), the Court of Appeals for the Third Circuit held that *in forma pauperis* prisoners are not categorically barred from joining as co-plaintiffs under Rule 20 of the Federal Rules of Civil Procedure.  Rule 20(a) provides the following regarding permissive joinder of Plaintiffs: "(1) Plaintiffs.  Persons may join in one action as plaintiffs if:  (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy.  *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).  The requirements for joinder appear to be met here.