UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHAROB ABDUL-AZIZ, et al.,** | **Civil Action No. 14-2026 (FLW)** |
| **Plaintiff,** | **OPINION** |
| **v.** | |
| **GARY M. LANIGAN, et al.,** | |
| **Defendants.** | |

**WOLFSON, United States District Judge:**

I.      **INTRODUCTION**

*Pro se* Plaintiffs, four Muslim inmates at New Jersey State Prison ("NJSP"), have sued Defendants' Gary M. Lanigan, Commissioner of the New Jersey Department of Corrections ("NJDOC"), Stephen D'Ilio, Administrator of NJSP, Andrew P. Sidamon-Eristoff, Director of the Department of the Treasury, and Jignasa Desai-McCleary, Director of the Division of Purchase and Property, alleging violations of their constitutional rights under 42 U.S.C. § 1983, the New Jersey Civil Rights Act ("NJCRA"), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  Plaintiffs' Complaint alleges that they are practicing Muslim prisoners at NJSP and have been denied the following: (1) daily Halal meats and meals; (2) donated Halal feast meals; (3) personal prayer oils; and (4) congregational prayer.  Defendants have moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  As explained in this Opinion, Defendants' motion is granted in part and denied in part, and Plaintiffs are

granted leave to submit an Amended Complaint within 30 days of the date of the Order accompanying this Opinion.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This Court recounts only the facts necessary to resolve the motion to dismiss and makes all reasonable inferences in Plaintiffs' favor.

### a.   Religious Exercise Claims

Plaintiffs' section 1983, NJCRA, and RLUIPA claims arise from Defendants' alleged interference with their religious exercise, which is described in the Complaint as four separate "categories": (1) denial of daily Halal meals/meats; (2) refusal to accept donated Halal feast meals; (3) confiscation and prohibition of personal prayer oil; and (4) interference with congregational prayer.  The allegations with respect to each category of claims are described below.

### 1.   Denial of Daily Halal Meals/Meats

Plaintiffs first allege that they, as practicing Muslims, are "denied any type of Halal Meals, including meat as part of NJDOC's THERAPUTIC CENTRAL MENU" and are forced "to prescribe [sic] to vegetarianism, which is not in accordance with Islamic tradition nor doctrines."  (ECF No. 1, Compl. at ¶¶ 14-15.)  Plaintiffs further allege that Jewish inmates at NJSP are provided with kosher meals three times a day, seven days a week.

### 2.   Denial of Donated Halal Feast Meals

Plaintiffs also allege that prior to December 2007, NJSP provided Plaintiffs with donated Halal Meats for two annual Islamic feasts.  (*Id.* at ¶ 17.)  Subsequently, NJDOC vested authority in the Department of the Treasury to permit or deny Plaintiffs these Halal meals for the two

annual feasts, and the Defendants subsequently discontinued the Halal meals, apparently relying on statutory authority under N.J.S.A. 52:20-13.  (*Id.* at ¶¶ 19-20.)

### 3.   Confiscation/Prohibition of Personal Prayer Oils

Plaintiffs next allege that, beginning in 2007, Plaintiffs and other Muslim inmates at NJSP began having their personal prayer oils confiscated.  (*Id.* at ¶ 24.)  According to Plaintiffs' Complaint, NJDOC recently prohibited prayer oils as well.  (*Id.*)  Plaintiffs use prayer oil for body cleansing prior to commencement of daily prayers.  (*Id.* at ¶¶ 21-22.)  The Complaint alleges that Plaintiffs, as practicing Muslims, must pray at least five times a day; as such, the possession of prayer oil as personal property is an essential part of Islamic tradition and ritual.  In the Complaint, Plaintiffs allege that the canteen at NJSP sells products to inmates that contain oil as a main or base ingredient, such as lotions, petroleum jelly, and hair conditioner.  (*Id.* at ¶ 24.)  Plaintiffs also allege that the Federal Bureau of Prisons permits prayer oil within its prisons, including at one of the maximum security prisons.  (*Id.* at ¶ 25.)

### 4.   Interference with Congregational Prayer

Finally, the Complaint alleges that NJSP "in the past had 'made issues' concerning [P]laintiff's [sic] rights to congregational prayer during recreation and during breaks at institutional jobs."  (*Id.* at ¶ 27.)  The Complaint alleges that the prison's internal management procedures permit Muslim inmates to take prayer breaks up to five times a day and that prayers may be performed in congregation.  (*Id.* at ¶ 28.)  The Complaint alleges that other inmates are permitted to engage in recreation in groups, to take breaks from jobs in groups, and that Jewish inmates are permitted to hold prayer groups.  (*Id.* at ¶ 29.)

### b.  Defendants' Involvement in the Alleged Deprivations

With respect to Defendants, the Complaint alleges that Defendants Lanigan, Sidamon-Eristoff, and Desai-McCleary "are responsible for matters of policy affecting prisons within NJDOC and have actual knowledge of the illegal policies and conditions described in the Complaint. [1]   (ECF No. 1, Compl. at ¶¶ 31-32.)  The Complaint further alleges that Defendant D'Ilio, personally effectuated the policies and conditions described in the Complaint.  (*Id.*)  Plaintiffs' Complaint, which is captioned as a "class action," requests that the Court grant declaratory and injunctive relief, as well as damages.  (*Id.* at ¶ 40.)

### c.  Parallel Action Brought by Plaintiff Abdul-Aziz

Notably, Sharob Abdul-Aziz, one of the Plaintiffs bringing this litigation, is currently litigating several of the same issues in another case in this District.  (*See* Civil Action No. 08-5764 (MLC) ("the parallel case").)  The parallel case, also brought pursuant to section 1983 and RLUIPA, alleges free exercise claims related to the denial of donated Halal feast meals and confiscation of prayer oil at NJSP (Civ. Act. No. 08-5764, ECF No. 5, Am. Compl. at 2-5), and has a complicated procedural history.  The Honorable Mary L. Cooper previously granted summary judgment to Defendants on Plaintiff Abdul-Aziz's federal claims, including his section 1983 and RLUIPA claims related to donated Halal feast meals and personal prayer oil.  *See Abdul-Aziz v. Ricci*, Civ. No. 08-5764, 2011 WL 6887182 (D.N.J. Dec. 29, 2011) and *Abdul-Aziz v. Ricci*, Civ. No. 08-5764 MLC, 2014 WL 131796, at *9 (D.N.J. Jan. 10, 2014).  Plaintiff appealed, and the Third Circuit affirmed in an unpublished decision.  569 F. App'x 62 (3d Cir. 2014).  After the Third Circuit affirmance, however, the Supreme Court decided *Holt v. Hobbs*,

---

[1] It appears that the Department of the Treasury Defendants are only involved in the claims related to the donated Halal feast meals.

575 U.S. ___, 135 S.Ct. 853 (2015) (applying strict scrutiny to prisoner's religious exercise claims brought under RLUIPA).  Plaintiff appealed the Third Circuit's decision to the Supreme Court of the United States, and, the Supreme Court, in a Memorandum Opinion, granted certiorari, summarily vacated the judgment, and remanded the case back to the Court of Appeals for further consideration in light of *Holt*.  *See* 135 S. Ct. 2803, 192 L. Ed. 2d 844 (2015).  The Third Circuit thereafter remanded the case to the District Court stating that "the Court should consider whether any factual issues remain when appellant's RLUIPA claim is evaluated under *Holt*, *id.* at 864 (RLUIPA requires the prison "not merely to explain why it denied the exemption but to prove that denying the exemption is the least restrictive means of furthering a compelling governmental interest.")" (*See* Civ. Act. No. 08-5764, ECF No. 95.)  The parallel case is currently in discovery, and Plaintiff Abdul-Aziz is represented by counsel in that case.

### d.  Procedural History of the Current Litigation

The instant Complaint was docketed with the Court on April 1, 2014 (ECF No. 1), after Judge Cooper granted summary judgment in the parallel case but before the Third Circuit issued its Opinion affirming that dismissal, which has since been vacated.  This case, brought *pro se* by Abdul-Aziz and three other inmates as NJSP, was initially assigned to the Honorable Peter G. Sheridan, U.S.D.J., and nothing in the record suggests that Judge Sheridan was aware of the previously filed matter.  Judge Sheridan granted Plaintiffs' applications for IFP, denied their motion for class action status, but otherwise allowed the Complaint to proceed.  (ECF No. 2.) Defendants were served and sought an extension of time within which to answer.  (ECF Nos. 7-9, 12, 13-16, 18.)  In the interim, Judge Sheridan recused, and the case was reassigned to the undersigned.  (ECF No. 17.)  Defendants subsequently filed the instant motion to dismiss. (ECF No. 19.)  Plaintiffs filed their response, which includes an "Amendment Request" and additional

facts in their responsive brief.   Plaintiffs did not, however, attach a complete Amended Complaint to their response.[2]  Defendants subsequently filed their reply, and the matter is now fully briefed.

### III.   <u>DISCUSSION</u>

#### a.  Standards of Review

##### 1.  Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted."  Fed. R .Civ. P. 12(b)(6).  On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separates the factual and legal elements of the claims, and accepts all of the well-pleaded facts as true.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  All reasonable inferences must be made in the plaintiff's favor.  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create what amounts to a "probability requirement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] The Court discusses Plaintiffs' response in more detail in the Discussion portion of this Opinion.

The Third Circuit has required a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*.  First, the court should "outline the elements a plaintiff must plead to a state a claim for relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).  Next, the court should "peel away" legal conclusions that are not entitled to the assumption of truth.  *Id.*; *see also Iqbal*, 556 U.S. 678–79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).  Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief."  *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679).  A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The third step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

## 2.  Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)

Defendants have also moved to dismiss under Rule 12(b)(1), which allows the court to dismiss a suit for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). This type of motion permits a party to raise the issue of Eleventh Amendment immunity at the earliest stage of litigation.  In *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690 (3d Cir. 1996), the Third Circuit Court of Appeals noted that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Id.* at 694 n. 2 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)).  The *Blanciak* court added that Rule

12(b)(1) was the proper means of raising the issue of whether the Eleventh Amendment bars federal jurisdiction.  *Id.*

### b.   Plaintiffs' Attempt to Amend the Complaint

The Court begins by noting that Plaintiffs have filed a response that attempts to cure certain purported pleading deficiencies pointed out by Defendants in their motion to dismiss. Plaintiffs' response, however, does not comply with L. Civ. R. 7.1(f), which requires a plaintiff to "attach a copy of the proposed pleadings or amendments."  Instead, Plaintiffs have submitted an "amendment request" with what appears to be the cover page of an Amended Complaint. (ECF No. 23, Response at 3-4.)  They have also provided additional facts in their responsive brief, and have attached exhibits to support those additional facts.  (*See generally* ECF No. 23, Exs. A-D.)  Plaintiffs' response amounts to an improper attempt to amend the Complaint through their brief on a motion, and the Court does not construe Plaintiffs' response as an Amended Complaint or consider the additional facts or exhibits in ruling on the motion to dismiss.  As explained in this Opinion, however, the Court will permit Plaintiffs to submit an Amended Complaint within thirty days of the date of the Order accompanying this Opinion.

### c.   Statute of Limitations

Defendants first argue that they are entitled to dismissal of the entire Complaint on statute of limitations grounds because the alleged policy changes regarding the donated Halal meals and prayer oil occurred in 2007, and thus fall outside (1) the two-year statute of limitations for section 1983 and NJCRA actions and (2) the four-year statute of limitations period for RLUIPA claims.[3]  (ECF No. 19-1, Moving Br. at 9-10.)   In response, Plaintiffs rely on the continuing

---

[3] Defendants do not make any statute of limitations arguments with respect to the interference with congregational prayer claims.

violation doctrine and argue that the Complaint alleges that the religious exercise violations are ongoing. (ECF No. 23, Response at 6.)   Defendants, relying primarily on the Third Circuit's decision in *Cowell v. Palmer Twp.*, 263 F.3d 286 (3d Cir. 2001), contend that the doctrine is inapplicable because Plaintiff Abdul-Aziz was aware of the alleged violations when he filed the parallel action in 2008.  (ECF No. 24, Reply Br. at 2-5.)   In light of Defendants' arguments and the overlap between this action and the parallel action brought by Plaintiff Abdul-Aziz, the Court addresses the timeliness of Plaintiff Abdul-Aziz's claims separately.

The Court begins by noting that statute of limitations is an affirmative defense not routinely decided on a motion to dismiss.  *See Crump v. Passaic Cty.*, Civ. No. 14-02365, 2015 WL 7761064, at *8 (D.N.J. Dec. 2, 2015).  In this Circuit, a defendant may assert a statute of limitations defense in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) where it is apparent on the face of the complaint that the claims are time-barred.  *See Robinson v. Johnson*, 313 F.3d 128, 135 & n. 3 (3d Cir. 2002).  The Third Circuit has explained the Rule as follows:

> Under Fed. R. Civ. P. 8(c), the statute of limitations constitutes an affirmative defense to an action. Under the law of this and other circuits, however, the limitations defense may be raised on a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations . . . If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).

*Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978) (citations and internal quotation marks omitted); *see also Robinson*, 313 F.3d at 134-36.

Plaintiffs' claims are brought under RLUIPA, section 1983, and the NJCRA.  RLUIPA does not contain its own statute of limitations period.  However, for civil actions "arising under an Act of Congress enacted after [December 1, 1990]," the appropriate limitations period is four

years. 28 U.S.C. § 1658 (2006); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)

(holding that four year statute of limitations applies if the plaintiff's claim against the defendant

was made possible by a post–1990 enactment). *See also First Korean Church of N.Y., Inc. v.

Cheltenham Twp. Zoning Hearing Bd. & Cheltenham Twp.*, 2012 WL 645992 (E.D. Pa. Feb. 29,

2012) (explaining, "courts have applied the four-year catch-all statute of limitations of 28 U.S.C.

§ 1658(a) to RLUIPA claims"), *aff'd*, 2013 WL 362819 (3d Cir. Jan. 24, 2013); *Cole v. Danberg*,

Civ. No. 10-088-GMS, 2014 WL 2587492, at *5 (D. Del. June 9, 2014) (same).  It is well

established that there is no independent statute of limitations for bringing a claim under 42

U.S.C. § 1983 in federal court.  Instead, "the [forum] state's statute of limitations for personal

injury" applies to claims filed under 42 U.S.C. § 1983.  *Sameric Corp. of Delaware, Inc. v. City

of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1988).  In New Jersey, the statute of limitations for a

civil rights claim under § 1983 or the NJCRA is two years.  *Disque v. New Jersey State Police*,

603 F.3d 181, 189 (3d Cir. 2009) (section 1983); *Citta v. Borough of Seaside Park*, Civ. No. 09-

865 FLW, 2010 WL 3862561, at *10 n.3 (D.N.J. Sept. 27, 2010) (collecting cases and

concluding that two-year statute of limitations applies to plaintiff's NJCRA claims.)

The limitations period begins to run on the accrual date.  For federal claims brought

pursuant to 42 U.S.C. § 1983, the accrual date of the claim is determined in accordance with

federal law.[4]  *Disabled in Action of Pa. v. Se. Pa. Trans. Auth.*, 539 F.3d 199, 209 (3d Cir. 2008).

Generally, a claim accrues when the facts which support the claim reasonably should have

become known to the plaintiff.  *Sameric*, 142 F.3d at 599 (citing *De Botton v. Marple Twp.*, 689

F. Supp. 477, 480 (E.D. Pa. 1988)); *see also Large v. County of Montgomery*, 307 F. App'x 606,

---

[4] As explained below, Defendants do not address accrual in their motion to dismiss.  The Court
assumes for purposes of this motion that the state law for accrual of Plaintiffs' NJCRA claims
would mirror federal law.

606 (3d Cir. 2009).  Thus, "a claim accrues as soon as a potential plaintiff either is aware, or should be aware after a sufficient degree of diligence, of the existence and source of an actual injury.  *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 590 (3d Cir. 2005) (citing *Keystone Insurance Co. v. Houghton*, 863 F.2d 1125, 1127 (3d Cir.1988)); *see also Large v. County of Montgomery*, 307 F. App'x. 606, 606 (3d Cir. 2009).  Put another way, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person."  *Kriss v. Fayette Cty.*, 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) *aff'd*, 504 F. App'x 182 (3d Cir. 2012); *see also Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013) (citing *Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir.1982) (*per curiam*) (federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of the injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong)).[5]

With respect to the daily Halal meal claim, the Complaint asserts that NJSP and the NJDOC are "[c]urrently" denying prisoners "any type of Halal Meals, including meat as part of the NJDOC's THERAPUTIC CENTRAL MENU."  (ECF No. 1, Compl. at ¶ 14.)  With respect to the donated halal feast meals, the Complaint alleges as follows:  "Until around 2007, the

---

[5] For section 1983 and NJCRA claims, "[s]tate law, unless inconsistent with federal law, also governs the issue of whether a limitations period should be tolled."  *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010).  Equitable tolling under New Jersey law may arise "where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum."  *Cason v. Arie Street Police Dep't*, No. 10–0497, 2010 WL 2674399, at *5 n. 4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31 (Div. 2002)); *see also Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (explaining equitable tolling under federal law).

Plaintiff's [sic] at NJSP were allowed donated Halal Meats and Meals in accordance with the religious traditions for their two annual Islamic Feasts."   (*Id.* at ¶ 17.)  Plaintiffs' Complaint further alleges that the NJDOC "vested authority with the Department of the Treasury's Division of Purchase & Property, to allow or deny Plaintiff's [sic] their religious rights concerning donated Halal Meats & Meals for the traditions of the Islamic Feast[,]" and Defendants allegedly relied on the statutory authority of N.J.S.A. 52:20-13 to deny the donated Halal meals to Plaintiffs.   (*Id.* at ¶ 18.)  Plaintiffs' Complaint states as follows regarding the confiscation of personal prayer oil:  "Until around August 2007[,] [P]laintiff's [sic] and other Muslim inmates at NJSP begin [sic] having their prayer oils confiscated." (*Id.* at ¶ 21.)   The Complaint also alleges that "according to recent documentation[,] NJDOC has now prohibited prayer oil as well."  (*Id.*)

Thus, on its face, the Complaint appears to allege that NJSP and NJDOC currently deny Muslim prisoners all forms of Halal meals, and that NJSP discontinued donated Halal feast meals in December 2007 at the direction/discretion of the Department of the Treasury.  The Complaint further alleges that although the NJSP began to confiscate personal prayer oil in August 2007, the NJDOC recently prohibited prayer oils as well.

### 1.  Plaintiffs William McCray, Ibn Pasha, and Charles Rashid

Having reviewed the Complaint and Defendants' statute of limitations arguments, the Court finds that a motion to dismiss on statute of limitations grounds is premature as to Plaintiffs William McCray, Ibn Pasha, and Charles Rashid, who appear to have had no involvement in instituting or litigating the parallel case.  To the extent some of the deprivations began in 2007, the Complaint on its face says nothing about the date or dates on which each Plaintiff, McCray, Pasha or Rashid, became aware of the fact of injury and its connection to the Defendants.  Defendants' legal arguments regarding statute of limitations do not discuss accrual at all, and

their calculations of the limitations period for the donated Halal meals and personal prayer oil assume that each of the Plaintiffs became aware of the fact of injury and its connection to each Defendant in December 2007 and August 2007, respectively.   The Court cannot so conclude from the face of the Complaint, and thus denies the motion to dismiss on statute of limitations grounds as premature with respect to these three Plaintiffs.  For that reason, the Court need not consider the applicability of the continuing violations doctrine with respect to these Plaintiffs.

### 2.  Plaintiff Abdul-Aziz

Plaintiff Abdul-Aziz requires a different accrual analysis because he instituted Civil Action No. 08-5764 in 2008, and that parallel action raises some of the same issues litigated here.[6]  The parallel case, brought pursuant to section 1983 and RLUIPA, alleged, in relevant part, that, beginning in 2007, officials at NJSP (1) began refusing to accept donations of Halal feast meals and (2) began confiscating Plaintiff's personal prayer oil.  (Civ. Act. No. 08-5764, ECF No. 5, Am. Compl. at 2-5).  "[A] claim accrues as soon as a potential plaintiff either is aware, or should be aware after a sufficient degree of diligence, of the existence and source of an actual injury.  *Podobnik*, 409 F.3d at 590.  Plaintiff Abdul-Aziz's claim regarding confiscation of prayer oil by NJSP accrued, at the latest, when he filed Civil Action No. 08-5764 in 2008.  Plaintiff Abdul-Aziz's claim regarding the denial of donated Halal feast meals likewise accrued as to NJSP officials when he filed the parallel action.  With respect to the Treasury Defendants,

---

[6] The Court notes that it has not converted the motion to dismiss to one for summary judgment by considering docket entries in a publicly filed civil action, *i.e.*, matters of public record.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (holding court may consider in motion to dismiss " 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case' " (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.2004))); *see also* Clean Harbors, Inc., 2010 WL 1930579, at *2.  The Court also considers these filings in deciding whether to apply the first-filed rule.

who were not sued in the 2008 litigation, Plaintiff Abdul-Aziz's claims appear to have accrued, at the latest, when Judge Cooper granted summary judgment to Defendants on these claims on December 29, 2011 and identified the Department of the Treasury as a potential source of Abdul-Aziz's alleged injury.  *See Abdul-Aziz v. Ricci*, 2011 WL 6887182, at *4 (granting summary judgment, in part, because NJSP has no discretion to accept donated food as that responsibility belongs to the Department of the Treasury).  The instant action was submitted to prison officials for filing on January 31, 2014.  (ECF No. 1.)  Under the two-year statute of limitations for section 1983 and the NJCRA, his claims related to the donated Halal feast meals and confiscation of prayer oil is untimely as to all Defendants because Plaintiff Abdul-Aziz was aware of the existence and source of these injuries more than two years prior to the filing of this lawsuit.  Plaintiff Abdul Aziz's RLUIPA claim regarding the confiscation of prayer oils by NJSP is likewise time barred under RLUIPA's four-year statute of limitations.  Based on the Complaint and the limited record from the 2008 action, it appears that Plaintiffs' claims against the Department of the Treasury related to the donated Halal feast meals may not be time-barred under RLUIPA's four-year limitations period.

The Court next analyzes whether the continuing violations doctrine applies to Abdul-Aziz's claims regarding the confiscation of prayer oil and the denial of donated Halal feast meals, which both began in 2007.  The continuing violations doctrine is an equitable exception to the limitations period, which provides that, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period."  *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)).  Three factors guide whether to apply the continuing violations doctrine: (1) subject

14

matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. *Id.* As to the third and most important factor, the Third Circuit has stated that "[courts] must consider the policy rationale behind the statute of limitations. That is, the continuing violations doctrine should not provide a means for relieving plaintiffs from their duty to exercise reasonable diligence in pursuing their claims." *Id.* at 292, 295. As explained, by the Third Circuit, "upon discovering an injury and its cause, a claimant must choose to sue or forego that remedy." *Beckett v. Pennsylvania Dep't of Corr.*, 597 F. App'x 665, 668 (3d Cir. 2015) (citing *Kichline v. Consol. Rail Corp.*, 800 F.2d 356, 360 (3d Cir. 1986)). "The continuing violations doctrine is not a license to tack untimely claims onto timely claims." *Id.*

Here, the Court finds that permitting Plaintiff Abdul-Aziz to tack claims from the 2008 action onto the present litigation would seriously undermine the policy rationale that underpins the continuing violations doctrine. The Court thus dismisses without prejudice Plaintiff Abdul-Aziz's (1) section 1983 and NJCRA claims against all Defendants arising from the denial of donated Halal feast meals and (2) his RLUIPA claim against Gary M. Lanigan and Stephen D'Ilio arising from the denial of donated Halal feast meals. The Court also dismisses without prejudice (3) his section 1983, NJCRA, and RLUIPA claims arising from the confiscation of

prayer oil at NJSP. [7]  As explained above, the Court finds that these claims are time barred as to

Plaintiff Abdul Aziz only.[8]

### d.  First-Filed Rule

Defendants next argue that the first-filed rule requires dismissal of the entire action.

Under the first-filed rule, "'[i]n all cases of federal concurrent jurisdiction, the court which first

has possession of the subject must decide it.'" *EEOC v. Uni. of Pa.*, 850 F.2d 969, 971 (3d Cir.

1988) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). The first-

filed rule's primary purpose is to "avoid burdening the federal judiciary and to prevent the

judicial embarrassment of conflicting judgments." *Id.* at 977 (citation omitted).  The rule is also

intended to encourage "sound judicial administration" and to promote "comity among federal

courts of equal rank." *Id.*  In determining the applicability of the first-filed rule, courts in the

Third Circuit examine the chronology of the actions in addition to the overlapping subject

matter, issues, claims, and parties.  *See Catanese v. Unilever*, 774 F. Supp.2d 684, 687–89

---

[7]  These claims relate solely to conditions at NJSP.  In this regard, the Court also notes that at the time Plaintiffs filed the instant Complaint, Plaintiff Abdul-Aziz was housed at Trenton State Prison, but he has since been transferred to East Jersey State Prison.  As such, his requests for injunctive relief <u>regarding conditions at NJSP</u> would appear to be moot based on his transfer. *See Bracey v. Pennsylvania Dep't of Corr.*, 456 F. App'x 76, 77 (3d Cir. 2012) (citing *Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir.1993) (inmate's transfer to another institution moots his claim for declaratory or injunctive relief)); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("[C]ourts have held that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

[8]  The Court otherwise denies the motion to dismiss on statute of limitations grounds and makes no rulings at this time regarding the timeliness of any of the remaining claims. To the extent that Plaintiffs seek to file an Amended Complaint to add facts supporting the application of continuing doctrine to those claims that have not been dismissed as time barred, the Court grants leave to amend on that basis to be filed within thirty days of the date of the Order accompanying this Opinion.

(D.N.J. 2011); *Abushalieh v. Am. Eagle Express, Inc.*, 716 F. Supp.2d 361, 365–66 (D.N.J. 2010).

As explained by the Third Circuit, the threshold issue when addressing the first-filed rule is whether the proceedings are "truly duplicative"; that is, the later-filed case must be "materially on all fours" with the previously filed action to trigger the first-filed rule.  *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 333 n. 6 (3d Cir. 2007) (citation and internal quotations omitted).  [T]he "issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* (internal quotations omitted); *see also Kedia v. Jamal*, Civ. No. 06–6054, 2007 WL 1239202, *3 (D.N.J. Apr. 25, 2007) (finding that "the Third Circuit Court of Appeals has interpreted the first-filed rule narrowly, holding that it only applies to truly duplicative proceedings" (internal quotations omitted)); *PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co.*, Civ. No. 09-00896, 2009 WL 2326750, at *5 (E.D. Pa. July 28, 2009) (finding that first filed rule did not apply to case before it "under the Third Circuit's narrow 'truly duplicative' standard").  Once a court determines that the first-filed rule applies, it has the option to either dismiss, stay, or transfer the action pursuant to 28 U.S.C. § 1404(a).  *Clean Harbors, Inc. v. ACSTAR Ins. Co.*, No. CIV009-5175(RBKAMD), 2010 WL 1930579, at *4 (D.N.J. May 12, 2010) (citing *Keating Fibre Int'l, Inc. v. Weyerhaeuser Co.*, 416 F. Supp.2d 1048, 1052–53 (E.D. Pa. 2006)); *Allianz Life Ins. Co. of N. Am. v. Estate of Bleich*, Civ. No. 08–0668, 2008 WL 4852683, at *3 (D.N.J. Nov. 6, 2008) (citing *Keating Fibre* ).

Here, Defendants argue that the first-filed rule requires the Court to dismiss this action with prejudice as duplicative of Civil Action No. 08-5764.  The Court disagrees and finds that the first-filed rule is not applicable here.  Although Defendants contend that Plaintiff Abdul-Aziz is litigating "nearly identical claims" in the parallel action (*see* ECF No. 19-1, Brief at 1), the

Court, having reviewed the allegations in both actions and for purposes of its statute of limitations analysis above, finds that the actions are not "truly duplicative" and merely overlap to some degree.  Specifically, it appears to the Court that the facts related to the denial of donated Halal feast meals and confiscation of personal prayer oil claims are quite similar, but that the instant action also includes claims regarding the denial of daily Halal meals, prohibition of prayer oil by NJDOC, and interference with congregational prayer at NJSP.  Furthermore, the two actions involve only one of the same Plaintiffs, *i.e.*, Plaintiff Abdul Aziz.  As such, the Court finds that the cases are not truly duplicative and denies the motion to dismiss based on the first-filed rule.[9]

### e. Eleventh Amendment Immunity

Because Plaintiffs' Complaint names Defendants in their <u>official capacities</u> only, Defendants next argue that the section 1983, NJCRA, and RLUIPA claims are barred by the Eleventh Amendment.  As explained below, the Court agrees with Defendants that Plaintiffs' remaining <u>damages claims</u> against them in their official capacities are barred by Eleventh Amendment immunity.  *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65–66 (1989) (section 1983); *Sossamon v. Texas*, 563 U.S. 277, 288, 293 (2011) (RLUIPA).

---

[9] The Court notes that Defendants' concerns about duplication of litigation may be addressed through a motion for consolidation in the first-filed case.  Federal Rule of Civil Procedure 42 allows consolidation of cases that share common issues of law and fact.  Fed. R. Civ. P. 42(a) (2); *see also Nanavati v. Burdette Tomlin Memorial Hosp.*, 857 F.2d 96, 103 n. 3 (3d Cir. 1988) (finding that consolidation is appropriate where there are actions involving common questions of law or fact).  Not unlike the first-filed rule, the purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues."  *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir.1999); *see also Surgical Ctr. of N. Brunswick v. Aetna Health, Inc.*, Civ. No. 12-3678 JLL, 2012 WL 4120777, at *1 (D.N.J. Sept. 19, 2012) (same).  Local Civil Rule 42.1 allows for consolidation of cases into the earliest filed action and any motion to consolidate is to be heard by the Court presiding over that action.

The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71 (internal citations omitted); *Ali v. Howard*, 353 F. App'x. 667, 672 (3d Cir. 2009).  Accordingly, § 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment.  *See id.*  State officials sued in their official capacities <u>do not</u> have Eleventh Amendment immunity when sued for prospective injunctive relief.  *See Ex parte Young*, 209 U.S. 123 (1908).  The Court also notes that the Eleventh Amendment does not bar suits against officials in their individual capacities, even if the actions that are the subject of the suit were part of the officials' governmental duties.  *See Hafer v. Melo,* 502 U.S. 21, 30–31 (1991).

RLUIPA permits plaintiffs to "obtain appropriate relief against a government." *Sharp v. Johnson*, 669 F.3d 144, 153 (3d Cir. 2012) (citing 42 U.S.C. § 2000cc–2).  "[G]overnment," in pertinent part, is defined as: (i) a State, county, municipality, or other governmental entity created under the authority of a State; (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and(ii) any other person acting under color of State law[.] *Id.* (citing 42 U.S.C. § 2000cc–5(4)(A)).  Plaintiffs' RLUIPA claims for injunctive relief are thus authorized by statute, and not barred by the Eleventh Amendment.  *See Ex parte Young*, 209 U.S. 123 (1908) (Eleventh Amendment does not bar official capacity claims against state officials for prospective injunctive relief to end a continuing violation of federal law).  The Supreme Court

has held that a plaintiff may not, however, bring suit against a state for monetary damages under RLUIPA.  *Sossamon v. Texas*, 563 U.S. 277, 288, 293 (2011) ("conclud[ing] that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver"); *see also Sharp*, 669 F.3d at (RLUIPA does not permit an action against Defendants in their individual capacities), *cert. denied*, 133 S.Ct. 41, 183 L.Ed.2d 680 (2012).

Here, with respect to all claims alleged in the Complaint, Defendants are state officials sued in their official capacities who have Eleventh Amendment immunity for damages but not for prospective injunctive relief.   As such, the damages claims against Defendants in their official capacities arising under section 1983, the NJCRA, and RLUIPA are dismissed with prejudice.  To the extent it is not inconsistent with this Opinion, Plaintiffs may file an Amended Complaint that names Defendants in their individual capacities under 1983 and the NJCRA.[10] Because the Third Circuit has held that RLUIPA does not apply to government employees in their individual capacities, *see Sharp*, 669 F.3d at 153, Plaintiffs may not amend their Complaint to sue Defendants in their individual capacities under RLUIPA.

### f.   RLUIPA Claims for Injunctive/Declaratory Relief

Having dismissed Plaintiffs' damages claims under RLUIPA, the Court addresses Defendants' contention that Plaintiffs fail to state a cause of action under RLUIPA for

---

[10] The Court does not address Defendants qualified immunity arguments because the Court does not read the Complaint to allege claims against Defendants in their individual capacities, and qualified immunity is unavailable to Defendants sued in their official capacities.   "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity ... may possess, such as the Eleventh Amendment." *Crump v. Passaic Cty.*, Civ. No. 14-02365, 2015 WL 7761064, at *7 (D.N.J. Dec. 2, 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). To the extent Plaintiffs file an Amended Complaint naming Defendants in their individual capacities, Defendants may raise their qualified immunity arguments at the appropriate juncture.

injunctive/declaratory relief.  RUILPA prevents the government from placing a substantial burden on prisoner's religious exercise, providing in pertinent part that:  (a) No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person - (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.  42 U.S.C. § 2000cc-1.

Thus, to state a claim under RLUIPA, a plaintiff must allege (1) an unreasonable and substantial burden on a (2) sincerely held (3) religious belief.   Defendants argue that Plaintiffs' RLUIPA claims must be dismissed because the Complaint does not allege any facts showing that Defendants' conduct "violate[s] the tenants [sic] of their religion."  (ECF No. 19-1, Moving Br. at 26.)   The Court finds that this argument misses the mark because RLUIPA does not require a plaintiff to allege that the religious practice at issue is a tenet of his or her religion or otherwise required by his or her religion.  *See Hobbs*, 135 S.Ct. at 862 (explaining that RLUIPA protects any exercise of religious belief, regardless of whether it is compelled by or central to a system of religious belief, so long as it is sincere).   As such, the Court denies the motion to dismiss the RLUIPA claims for injunctive relief at this time.

### IV.   CONCLUSION

As explained in the foregoing Opinion, the Court dismisses without prejudice Plaintiff Abdul-Aziz's section 1983 and NJCRA claims related to the denial of donated Halal feast meals as to all Defendants, and his RLUIPA claim related to the donated Halal feast meals as to Gary M. Lanigan and Stephen D'Ilio.  The Court also dismisses without prejudice Plaintiff Abul-Aziz's section 1983, NJCRA, and RLUIPA claims related to the confiscation of prayer oil at

NJSP.   Finally, the Court dismisses without prejudice the <u>damages claims</u> against Defendants in their official capacities arising under section 1983, the NJCRA, and RLUIPA.  The motion to dismiss is otherwise denied without prejudice at this time, and Plaintiffs are granted leave to file an Amended Complaint not inconsistent with this Opinion within thirty days.  An appropriate Order follows.


  /s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge


Date: March 24, 2016