UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAROB ABDUL-AZIZ, et al.,<br><br>**Plaintiff,**<br><br>v.<br><br>GARY M. LANIGAN, et al.,<br><br>**Defendants.** | Civil Action No. 14-2026 (FLW)<br><br>**MEMORANDUM AND ORDER** |

This matter has been opened to the Court by the submission of a document titled "Sharob Abdul-Aziz Independently file [sic] Amended Complaint" by Plaintiff Sharob Abdul-Aziz (ECF No. 31.) and a motion to amend the Complaint filed by Plaintiffs Ibn Pasha, William McCray, and Charles Rashid.  (ECF No. 37.)  It appearing that:

1.  The four Plaintiffs in this action have sued Defendants Gary M. Lanigan, Commissioner of the New Jersey Department of Corrections ("NJDOC"), Stephen D'Ilio, Administrator of NJSP, Andrew P. Sidamon-Eristoff, Director of the Department of the Treasury, and Jignasa Desai-McCleary, Director of the Division of Purchase and Property, alleging violations of their constitutional rights under 42 U.S.C. § 1983, the New Jersey Civil Rights Act ("NJCRA"), and the Religious Land Use and Institutionalized Persons Act ("RULIPA").  Plaintiffs' original Complaint, which was docketed on April 1, 2014, alleged that Plaintiff are practicing Muslim prisoners at NJSP and have been denied the following: (1) daily Halal meats and meals; (2) donated Halal feast meals; (3) personal prayer oils; and (4) congregational prayer.

2. On August 28, 2015, Defendants moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF No. 19.) As such, for the reasons stated in my Opinion, I dismissed Plaintiff Abdul-Aziz's (1) section 1983 and NJCRA claims against all Defendants arising from the denial of donated Halal feast meals and (2) his RLUIPA claim against Gary M. Lanigan and Stephen D'Ilio arising from the denial of donated Halal feast meals. The Court also dismissed (3) Plaintiff Abdul-Aziz' section 1983, NJCRA, and RLUIPA claims arising from the confiscation of prayer oil at NJSP. As further explained in my Opinion, these claims were time barred as to Plaintiff Abdul Aziz <u>only</u>, and the statute of limitations defense was premature with respect to Plaintiffs Pasha, McCray, and Rashid, who are not plaintiffs in the parallel action.[1] (*Id.*, Op. at 12-16, 21-22.)

3. Plaintiffs, in their original Complaint filed in this case, sued Defendants in their official capacities only; for the reasons stated in my Opinion, this Court also dismissed with prejudice the <u>damages claims</u> against Defendants in their official capacities arising under section 1983, the NJCRA, and RLUIPA.[2] (*Id.*, Op. at 18-20.) Insofar as it was not inconsistent with this Court's Opinion, Plaintiffs were granted leave to file an Amended Complaint naming Defendants in their individual capacities under 1983 and the NJCRA. Plaintiffs were not permitted to amend their Complaint to sue Defendants in their individual capacities under RLUIPA. (*See id.* at 20.)

4. The Court's Opinion and Order granted Plaintiffs leave to "file <u>an Amended Complaint</u> . . . within thirty days." (*Id.*, Op. at 22; ECF No. 28.) On April 14, 2016, Plaintiff Abdul-Aziz submitted a document titled "Sharob Abdul-Aziz Independently file [sic] Amended Complaint"

---

[1] In deciding the motion to dismiss, this Court's analysis was complicated by the fact that there is a parallel action brought by Plaintiff Abdul-Aziz pending before a different judge in this district that raises some of the same claims brought by the four Plaintiffs in this action. (ECF No. 27, Op. at 4, 13-13-16).

[2] The Court otherwise denied Defendants' motion to dismiss. (*Id.* at 22.)

2

(ECF No. 31), and an "Application for Extension of Time for Individual Plaintiff's to Submit an Amended Complaint," purportedly on behalf of Plaintiffs Pasha, McCray, and Rashid. (ECF No. 30.) The latter extension request was denied by the Magistrate Judge, who found that Plaintiff Abdul-Aziz did not have standing to make such a request on behalf of the other Plaintiffs. (ECF No. 33.) Plaintiff Rashid subsequently sought an extension of time on behalf of himself and Plaintiffs Pasha and McCray, which was denied by the Magistrate Judge because the request was not signed by Plaintiffs Pasha and McCray. (ECF Nos. 35, 42.) On April 9, 2016, Plaintiffs Pasha, McCray, and Rashid filed a motion to amend the Complaint, which attaches a proposed Amended Complaint. (ECF No. 37; *id.* at Ex. 1.)

5.   It appears that Plaintiffs seek to proceed in this action with two separate operative complaints – the document titled "Sharob Abdul-Aziz Independently file [sic] Amended Complaint," submitted by Plaintiff Sharob Abdul-Aziz (ECF No. 31) and the proposed Amended Complaint, submitted by Plaintiffs Pasha, McCray, and Rashid. (ECF No. 37 at Ex. 1.) Because Plaintiffs may not proceed with two operative complaints in a single action, the Court will strike the purported Amended Complaint filed by Plaintiff Abdul-Aziz, and deny without prejudice the motion to amend filed by Plaintiffs Pasha, McCray, and Rashid. Plaintiffs shall notify the Court within 45 days as to whether they wish to remain joined together as Plaintiffs in a single action. To the extent Plaintiffs Abdul-Aziz, Pasha, McCray, and Rashid intend to remain joined as Plaintiffs in a single action, Plaintiffs shall submit a writing to that effect, which is signed by each Plaintiff, and <u>a single Amended Complaint</u>, also signed by each Plaintiff.[3]  To the extent one or more of the Plaintiffs do not wish to proceed together in a single action, those Plaintiffs

---

[3] Because the Court has dismissed certain claims as time barred as to Plaintiff Abdul-Aziz, the Amended Complaint should make clear in which claims Plaintiff Abdul Aziz is joining.

shall notify the Court within 45 days of their receipt this Memorandum and Order, and the Court shall then assess whether severance is appropriate.

**IT IS THEREFORE**, on this 12th day of December, 2016,

**ORDERED** that, for the reasons stated in this Memorandum and Order, the Court will **STRIKE** the Amended Complaint filed by Plaintiff Abdul-Aziz (ECF No. 31) as improperly filed; it is further

**ORDERED** that the Court will deny **WITHOUT PREJUDICE** the motion to amend filed by Plaintiffs Pasha, McCray, and Rashid (ECF No. 37); and it is further

**ORDERED** that the Plaintiffs are directed to notify the Court within 45 days as to whether they wish to remain joined together as Plaintiffs in a single action. To the extent Plaintiffs Abdul-Aziz, Pasha, McCray, and Rashid intend to remain joined as Plaintiffs in a single action, Plaintiffs shall submit a writing to that effect signed by each Plaintiff, and a single Amended Complaint that is likewise signed by each Plaintiff. To the extent one or more of the Plaintiffs do not wish to proceed together in a single action, those Plaintiffs shall submit a signed writing within 45 days of their receipt this Memorandum and Order, and the Court shall then assess whether severance is appropriate and new complaints should be filed; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiffs Abdul-Aziz, Pasha, McCray, and Rashid at the addresses on file.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge